OF

## THE STATE OF IOWA,

AT

## DES MOINES, JANUARY TERM, A. D. 1891.

In THE FORTY-FIFTH YEAR OF THE STATE.

HENRY A. BARTON, Appellant, v. MARY E. FUSON *et ux.*, Appellees.

Trusts: ACCOUNTING: ESTOPPEL. A *cestui que trust* is not estopped from claiming an accounting with his trustee because of a receipt made to the latter acknowledging full satisfaction of the interest of the *cestui que trust* in the trust estate, and discharging the trustee from further liability therein, where the settlement in pursuance of which such receipt was made was based upon the false representations of the trustee, and the *cestui que trust* was ignorant of the real condition of the estate.

*Appeal from Cass District Court.*—HON. H. E. DEEMER, Judge.

TUESDAY, JANUARY 20, 1891.

THIS action was brought in chancery to foreclose a mortgage executed by the defendants upon lands which

( 575 )

subsequently they conveyed to other parties, who assumed to pay the mortgage debt. After answer and cross bill by defendants, the plaintiff dismissed his petition as to the defendants appearing in this appeal, and a decree was entered as to other defendants, and the case was tried upon the issues raised by defendant's cross bill and answer. A decree was rendered granting the relief sought by defendants. The plaintiff appeals.

*L. L. De Lano*, for appellant.

*H. G. Curtis*, for appellees.

BECK, C. J.—I. The defendant, Mary Fuson, being the owner of certain property, executed a mortgage to plaintiff and another to secure certain liabilities to them. A prior mortgage had been executed on the property to secure money borrowed of another party. The defendants conveyed the property to plaintiff and his associate creditor, under an agreement that these creditors should hold control of, and rent it until a purchaser could be found, when it should be sold, and the money realized should be applied to the payment of liens on the property, and the indebtedness and liabilities to plaintiff and his associates. The property was conveyed, the purchaser undertaking to pay the prior mortgage thereon; but, failing to do this, plaintiff acquired the prior mortgage executed by defendants, and brought this suit to 'foreclose it, joining with defendants, as a party to the suit, the purchaser from plaintiff. In defense to the action, so far as it seeks to hold defendants liable, and as the ground of a cross bill, they allege that plaintiff has failed to account for the money received by him from the property, and that the sum of five hundred dollars is unaccounted for, and due defendant, after payment of all liens and claims provided for by the agreement between the parties. The plaintiff denies the allegations of the answer, and alleges that he and defendant had a settlement of the transaction, and plaintiff paid the defendant, Mary Fuson, a

sum in full satisfaction and discharge of defendant's claim, and took a written receipt and discharge from her releasing plaintiff from all liability on account of any excess of the purchase price of the property over the liens thereon and debts of defendant to be paid by plaintiff.

II. In our opinion, the evidence shows that plaintiff failed to expend, under the agreement, an amount equal to the purchase price of the property. He surely fails to account for the amount he received for the property. We think the sum found by the district court, one hundred and fifty-seven dollars, if not more, remains in plaintiff's hands unaccounted for and unexpended; and that, under the agreement upon which the property was conveyed to him, he is bound to pay that sum to plaintiff.

III. In our opinion, the receipt or release ought not to estop defendants to require an accounting of plaintiff. He held the land as a trustee, and was required by the law to deal in the utmost good faith with defendants. He could not exercise his superior knowledge of the condition of the trust property, and the amount of debts against it, and conceal facts known to him, thereby inducing defendant to execute the release. We are not prepared to say that a trustee *in uberrima fides* may not settle with his *cestui que trust,* and accept binding acquittances and receipts discharging him from all liability on account of the trust estate. But, to make such a transaction binding, it must be based upon an accounting and a disclosure by the trustee of the condition of the trust. There must be no concealment of matters connected therewith, and the *cestui que trust* must not ignorantly assent to the settlement when he would not have done so had the trustee disclosed all the facts to him. In the case before us there was no accounting, no disclosure of the condition of the fund. Indeed, the property had not yet been sold. The evidence shows that defendant, when she executed the contract, relied upon the

representations of plaintiff as to the amount due her, and that these representations were not correct. The evidence shows that the sum found by the decree of the court below was due the defendants. In our opinion, the release is not binding upon defendants. We reach the conclusion that the decree of the district court ought to be AFFIRMED.